FILED

February 9 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0420

DA 15-0420

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 29

SAMUEL T. SHELHAMER,

      Petitioner and Appellant,

  v.

TAMARA HODGES, and MONTANA DEPARTMENT
OF PUBLIC HEALTH AND HUMAN SERVICES,
CHILD SUPPORT ENFORCEMENT DIVISION,

      Respondents and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV-2014-713
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      William M. Gilbert, High Plains Law, PLLC; Billings, Montana

      For Appellees:

      Ann Hefenieder, Special Assistant Attorney General; Billings, Montana

Submitted on Briefs:  January 6, 2016
Decided:  February 9, 2016

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Samuel T. Shelhamer appeals the order of the First Judicial District Court, Lewis and Clark County, which affirmed the order of the Department of Public Health and Human Services, Child Support Enforcement Division (CSED).  We affirm.

¶2     The issue on appeal is:

*Whether a parent's military housing and subsistence allowances should be included as part of the parent's actual income when calculating child support obligations.*

## PROCEDURAL AND FACTUAL BACKGROUND

¶3     Shelhamer and Tamara Hodges are the natural parents of A.S.  In October 1999, CSED entered an order requiring Shelhamer to pay Hodges $74 per month in child support.  The order remained in effect without modification until Hodges filed a request for review nearly fifteen years later, on May 1, 2014.   On May 12, 2014, CSED issued a modification notice and order establishing Shelhamer's monthly support obligation at $743 per month.

¶4     Shelhamer requested an administrative hearing, which was held on July 23, 2014.  Shelhamer is a Warrant Officer in the United States Marine Corps, with a base pay of $53,309 per year.  Shelhamer also receives a non-taxable basic housing allowance (BAH) of $25,776 per year and a non-taxable basic subsistence allowance (BAS) of $2,955 per year.  At the hearing, the Administrative Law Judge combined Shelhamer's base pay with his BAH and BAS, and attributed to him a total annual income of $82,040.  Hodges was attributed a total annual income of $24,960.  On August 19, 2014, CSED issued its final

administrative order, setting Shelhamer's support obligation at $935 per month, beginning June 2014.

¶5 Shelhamer petitioned for judicial review of CSED's final decision. Shelhamer objected to CSED's inclusion of his BAH and BAS in his income, arguing that these allowances defray the cost of food and housing. CSED responded, and the matter was fully briefed in the District Court. On May 12, 2015, the District Court affirmed the final decision of CSED setting Shelhamer's child support obligation at $935 per month. Shelhamer appeals.

## STANDARDS OF REVIEW

¶6 In contested cases, district courts review administrative decisions to determine whether the agency interpreted the law correctly and whether the findings of fact were clearly erroneous. *Arlington v. Miller's Trucking, Inc.*, 2015 MT 68, ¶ 10, 378 Mont. 324, 343 P.3d 1222. A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the court misapprehended the effect of evidence, or if this Court's review of the record convinces us a mistake has been made. *Arlington*, ¶ 10.

¶7 "This Court employs these same standards when reviewing a district court's order affirming or reversing the agency's decision." *Knowles v. State ex rel. Lindeen*, 2009 MT 415, ¶ 23, 353 Mont. 507, 222 P.3d 595. However, an agency's interpretation of its own rule "should be afforded great weight, and the court should defer to that interpretation unless it is plainly inconsistent with the spirit of the rule. The agency's

3

interpretation of the rule will be sustained so long as it lies within the range of reasonable interpretation permitted by the wording." *Knowles*, ¶ 22.

## DISCUSSION

¶8 *Whether a parent's military housing and subsistence allowances should be included as part of the parent's actual income when calculating child support obligations.*

¶9 CSED is required to adopt uniform child support guidelines to determine minimum child support amounts. Section 40-5-209(1), MCA. The guidelines are used to establish "a standard to be used by the district courts, child support enforcement agencies, attorneys and parents in determining child support obligations." Admin. R. M. 37.62.101(1) (1998). The underlying principle and stated purpose of the guidelines is as follows:

> These guidelines are based on the principle that it is the first priority of parents to meet the needs of the child according to the financial ability of the parents. . . . [A] child's standard of living should not, to the degree possible, be adversely affected because a child's parents are not living in the same household.

Admin. R. M. 37.62.101(2) (1998).

¶10 At issue in this appeal is the definition of "actual income" attributable to a parent when calculating a child support obligation. "Actual income" is broadly defined by Admin. R. M. 37.62.105 (2012), and, among other things, includes:

> (a) *economic benefit from whatever source derived* . . . and includes but is not limited to income from salaries, wages, tips, commissions, bonuses, earnings, profits, dividends . . . earned income credit and *all other government payments and benefits*.
>
> . . .

4

(e) *allowances for expenses, flat rate payments or per diem received, except as offset by actual expenses.* Actual expenses may be considered only to the extent a party can produce receipts or other acceptable documentation. Reimbursement of actual employment expenses may not be considered income for purposes of these rules.

Admin. R. M. 37.62.105(2)(a), (e) (2012) (emphasis added).

¶11 The District Court affirmed CSED's holding that Shelhamer's BAH and BAS should be included in his actual income as an "economic benefit," noting that "the allowances are substantial, and they are available to be utilized without restriction." The District Court cited *In re Marriage of Stokes*, 228 P.3d 701 (Or. Ct. App. 2010), in which the Oregon Court of Appeals held that both BAH and BAS should be included in a parent's "income from any source" when calculating a parent's child support obligations. *Stokes*, 228 P.3d at 705. The District Court also noted that, when calculating child support obligations, all parents are credited with a personal allowance in order to address their housing and food costs. "Personal allowance is an amount which reflects 1.3 multiplied by the federal poverty guideline for a one-person household. . . . Personal allowance is a contribution toward, but is not intended to meet the subsistence needs of parents." Admin. R. M. 37.62.114(1) (2012). Both Shelhamer and Hodges were allowed a personal allowance of $15,171. This amount was therefore subtracted from Shelhamer's actual income calculation when determining his child support obligation. The District Court agreed with CSED's argument that, if Shelhamer were allowed to receive the benefit of the personal allowance in addition to having his BAH and BAS excluded from his actual income calculation, he would in effect be receiving a double benefit.

5

¶12     Shelhamer's BAH and BAS are allowances provided by the Marine Corps in addition to his base pay.  BAH is based on a service member's pay grade, the dependency status of the member, and the geographic location of the member.  37 U.S.C. § 403(a)(1) (2012).  BAS is based on a member's BAS from the preceding year and the cost of a "liberal food plan for a male in the United States."  37 U.S.C. § 402(b)(1)(A), (B) (2012).  The payments are intended to assist with a service member's housing and food expenses; however, there are no requirements for how the money is spent, no accounting of any expenditures is required, and the payments are made with each paycheck.

¶13     Shelhamer argues in this appeal that he provided acceptable documentation that his BAH and BAS are "offset by actual expenses" of his housing and food costs, and therefore the payments cannot be included in his actual income under Admin R. M. 37.62.105(2)(e) (2012).  We disagree.  Read in the proper context of the entire rule, the "actual expenses" that offset the inclusion of such an allowance or per diem into actual income are additional expenses incurred because of the parent's work, not the regular mortgage or rent payments and grocery bills that would otherwise have to be paid from any parent's regular source of income.  This is evident from the remainder of the section which provides that "[r]eimbursement of *actual employment expenses* may not be considered income for purposes of these rules."  Admin R. M. 37.62.105(2)(e) (2012) (emphasis added).[1]

---

[1] It bears noting that the military similarly distinguishes BAH and BAS from per diem travel payments and allowances.  Military members are "provided transportation-, lodging-, or meals-in-kind, or *actual and necessary expenses of travel and transportation*, for, or in connection with, official travel . . . ."  37 U.S.C. § 452(a) (2012) (emphasis added).

¶14    The infirmity of Shelhamer's argument is further illustrated when considering other items that the rule *does* include as actual income.    Specifically, Admin R. M. 37.62.105(2)(c) (2012), considers actual income to include "the value of noncash benefits, including . . . housing, . . . food, utilities, etc."  Thus, if we were to accept Shelhamer's interpretation of the rule, it would lead to the paradoxical conclusion that the cash value of employer-provided housing and food is considered income, but the actual cash to pay for housing and food is not.

¶15    Shelhamer further asserts that the District Court erroneously relied on the personal allowance as justification for including the BAH and BAS in his income.  We disagree. The personal allowance recognizes the cost that a parent incurs to care for his or her own needs.  It was not error for the District Court to note that all parents are allowed a personal allowance for such expenses under Admin. R. M. 37.62.114(1) (2012), but not all parents receive extra funds from their employers to be used as they choose.

¶16    Finally, Shelhamer argues the District Court improperly relied on *Stokes*, arguing that Oregon law does not contain the same exemption for expense payments offset by actual expenses found in Admin R. M. 37.62.105(2)(e) (2012).  While the Oregon court's reasoning in *Stokes* is merely persuasive authority, we note the spirit of Oregon's child support guidelines mirrors our own.  The Oregon court noted in *Stokes* that the Oregon child support guidelines "must ensure that the child benefits from the income 'of both parents to the same extent that the child would have benefited had the family unit remained intact.'"  *Stokes*, 228 P.3d at 705 (citing Or. Rev. Stat. § 25.275(2)(a) (2015)). Compare Montana's guidelines which provide: "[A] child's standard of living should not,

7

to the degree possible, be adversely affected because a child's parents are not living in the same household." Admin. R. M. 37.62.101(2)(1998).

¶17 Shelhamer's BAH and BAS contribute a significant amount of income towards his ability to provide for his own needs as well as the needs of A.S. CSED's interpretation of Admin R. M. 37.62.105(2)(e) (2012) is reasonable and well within the language and the spirit of the rule. The District Court correctly affirmed CSED's order which included Shelhamer's BAH and BAS in his actual income to calculate his child support obligation.

## CONCLUSION

¶18 The District Court's affirmation of the final decision of CSED—which included Shelhamer's BAH and BAS in his actual income to calculate his child support obligation—was correct. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE